

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXIIXXWXXXXXN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4682
Re: Period of time during which nine
months salary appropriations for
A. & M. College may be expended.

Your letter of June 29th submits the following question for an opinion from this department.

"May any of the nine months salary appropriations for the A. & M. College which were not used in whole or in part during the period of time from September 15 to June 15 be expended for the payment of salaries for the period of time from June 15 to September 1."

The current Educational Appropriation Bill, in the appropriation made to A. & M. College, provides that certain salaries for positions itemized therein shall be for nine months. The language of the Bill is, "salaries (nine months, except as indicated)."

These salary items provided for nine months authorized the college to pay therefrom to a person hired to fill the place indicated not to exceed the stated amount for nine months' service. For the itemized amounts, it is contemplated that the college shall secure nine months of service; the college might hire a person to fill the place for less than nine months, but in such case cannot pay for the service rendered for the lesser period a greater amount out of this item than that which is obtained by dividing the fraction of the nine months for which service is rendered into the total nine months itemized appropriation for the position filled.

It is important to note that the appropriation bill does not specify that these nine months appropriations are to be expended during any particular months of the fiscal year. In the absence of such provision, we are not authorized to impose the requirement that they must be expended during the period extending from September 15th to June 15th. Rather, in the absence of legislative limitation they are available for expenditure during any nine months of the fiscal year.

It is true that at the time these appropriations were made the college had for a number of years maintained what is known as the "long session" of nine months extending from September to June of the fiscal year. This session was established, not by legislative enactment, but by the order of the Board of Directors of the College, pursuant to the general authority conferred upon them to govern and manage the institution. R.C.S., Article 2613. This authority was not exhausted by its exercise in this instance; the Board retained the power, continuing in nature, to change the terms or courses of study of the institution as in its judgment might from time to time be necessary or advisable. It is presumed, of course, that the Legislature had in mind at the time it made these appropriations the fact that the Board had the power under the law and might find it necessary to exercise such authority to change the terms and the courses of study in the institution. In the absence of an expression of a clear intent to such effect by the Legislature, we should not impute to the Legislature the desire, by its appropriations, to prevent the exercise of this authority by the Board.

In view of the foregoing, we believe it was not the intention of the Legislature to require the expenditure of the nine months salary appropriations only during the "long session" as it existed at the time the appropriation bill was passed. We hold that the purpose was to provide salaries for employees to be hired for a period of service of nine months during the fiscal year, without regard to the period or periods of the fiscal year during which the nine months service was rendered.

You are therefore advised that, where a nine months salary appropriation has not been used to pay for nine months service during the period from September 15th to June 15th, to the extent of the number of months, or fraction thereof, for which no person was employed thereunder during the long session, the appropriation will be available for expenditure during the period from June 15th to September 1st. Of course, if a nine months appropriation has not been exhausted even in part during the long session, the result will be that only two and one-half ninths ($2\frac{1}{2}$/9ths) of the total will nevertheless remain available for expenditure during the period from June 15th to September 1st, since only two and one-half ($2\frac{1}{2}$) months of service can be rendered during that period. In other words, for example, if a nine months appropriation for a particular position of $900.00 is not expended even in part during the long session, then from June 15th to September 1st there will be available for expenditure from such appropriation two and one-half ninths ($2\frac{1}{2}$/9ths) thereof, or $250.00. Payments out of the appropriation for services rendered for one month may not exceed one-ninth of the appropriation or $100.00. Payments from such appropriation for less than a month's service will be proportionally limited.

We trust that the foregoing answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/R.W. Fairchild
R.W. Fairchild
Assistant

RWF:db:wc


APPROVED JUL 3, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS.

Approved Opinion Committee By s/BWB Chairman